UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| MARLIS DUBE | ) | |
|     Plaintiff | ) | |
| | ) | Civil Action No.: _____ |
| v. | ) | **COMPLAINT** |
| | ) | |
| THE LINCOLN NATIONAL LIFE | ) | |
| INSURANCE COMPANY | ) | |
|     Defendant | ) | |

## **COMPLAINT**

### I. THE PARTIES

1. The Plaintiff, Marlis Dube, is an individual and New Hampshire resident with an address of 54 Silkwood Avenue, Belmont, NH.

2. The Defendant, The Lincoln National Life Insurance Company, is an Indiana corporation with an address at 8801 Indian Hills Drive, Omaha, NE.

### II. NATURE OF ACTION AND JURISDICTION

3. Plaintiff was employed as an Accounts Receivable and Accounts Payable Associate by Granite State Independent Living for more than 8 years.

4. As a full-time employee of Granite State Independent Living, Plaintiff was a participant eligible and insured for Short Term Disability benefits, Policy Number 000010148826, and Long Term Disability benefits, Policy Number 000010148825, under a Group Policy issued by the Defendant.

5. Defendant is the administrator, fiduciary and entity making determinations as to a participant's qualification for disability benefits under the applicable group insurance policies.

6. This action is brought pursuant to the Employee Retirement Income Security Act

of 1974 ("ERISA"), 29 U.S.C.§ 1132 (a)(1)(B), to recover benefits and enforce Plaintiff's rights under the terms of the insurance policies.

7. This Court has jurisdiction of this action pursuant to 29 U.S.C. § 1132 (e).

III. FACTS

8. Plaintiff underwent discectomy surgery for a herniated lumbar disc at L4-5 on December 6, 2011. Plaintiff returned to her employment at Granite State Independent Living within one month of this back surgery.

9. On October 5, 2012, Plaintiff underwent discectomy, hemilaminotomy and partial medial facetectomy for a large reherniation of the lumbar disc at L4-5.

10. Plaintiff again returned to work approximately one month after her second back surgery.

11. Plaintiff experienced great pain when attempting to perform her work duties following her return to work after her second back surgery.

12. Plaintiff ceased working at Granite State Independent Living on December 21, 2012. Plaintiff made application to Defendant for Short Term Disability benefits.

13. Plaintiff's application for disability benefits included a form requested by Defendant and completed by Plaintiff's physician, Dr. Thet Aung, stating that her restrictions and limitations included no sitting for more than 60 minutes and no lifting more than 5lbs.

14. After her return to work following her second back surgery, Plaintiff also experienced a worsening of neck pain, headaches, and numbness and tingling bilaterally in her hands.

15. A prior cervical MRI exam dated August, 25, 2012 had found:

> At C2/3, moderate disc desiccation;
>
> At C3/4, mild-to-moderate disc desiccation and a mild bulging annulus;
>
> At C4/5, moderate disc desiccation and moderate-to-marked disc narrowing. There is endplate changes and a large bulging annulus with large bilateral osteophyte-disc complexes. There is moderate bilateral neural foraminal narrowing and mild-to-moderate spinal stenosis;
>
> At C5/6, moderate disc desiccation and moderate-to-marked disc narrowing. There is end plate changes and a moderate bulging annulus. There is moderate right and large left osteophyte-disc complex with mild bilateral neural formamital narrowing and mild spinal stenosis;
>
> At C6/7, there is mild-to-moderate disc desiccation and disc narrowing. There is endplate changes and moderate bulging annulus. There is small central posterior disc protusion. There are moderate bilateral osteophyte-disc complexes. There is mild spinal stenosis;

16. Dr. Aung referred Plaintiff for further work-up of her cervical symptoms shortly after completing Defendant's disability form with respect to her lumbar spine condition.

17. By correspondence dated January 14, 2013, Defendant denied Plaintiff's claim for Short Term Disability benefits. Defendant's denial failed to address the restrictions and limitations set forth on Defendant's own form by Dr. Aung, referred to other medical records as not containing any restrictions or limitations, and stated "there is no evidence of restrictions or limitations resulting from your condition that supports your inability to perform your occupation's functional demands on a full-time basis."

18. Plaintiff made timely appeal of Defendant's initial denial of benefits.

19. By correspondence dated March 11, 2013, Defendant denied Plaintiff's appeal.

The denial of the appeal decision stated "we do not find medical evidence of physical limitations that would support the restrictions of not being able to sit for more than 60 minutes or lift over 5 lb. as indicated by your physician." The denial of this appeal exhausted Plaintiff's first level of appeal with the Defendant.

20. Plaintiff thereafter engaged counsel. Plaintiff's counsel filed a timely second appeal of the disability benefits denial with Defendant by correspondence dated August 21, 2013.

21. Plaintiff's second appeal asserted that the denial of disability benefits determination should be reversed because, *inter alia*, Plaintiff had failed an attempt to return to work after her second back surgery due to severe and uncontrolled pain; the denial of benefits had wrongfully relied upon the opinion of a nurse consultant who had reviewed medical records rather than accepting the medical opinion of the treating physician who had examined Plaintiff numerous times; the denial of benefits had failed to consider the limitations and restrictions Plaintiff suffered from her cervical spine disease; and the denial of benefits failed to assess how Plaintiff's pain, headaches and narcotic medications impacted the mental aspects of her job duties.

22. Plaintiff's second appeal filing included new correspondence from Dr. Aung dated May 28, 2013 setting forth further restrictions and limitations resulting from Plaintiff's cervical spine disease. Dr. Aung's correspondence dated May 28,2 013 stated Plaintiff should have no repetitive motions with her hands or arms such as is involved with typing or using computers.

23. While Plaintiff's second appeal was pending, Defendant forwarded Plaintiff's counsel a report dated September 23, 2013 that was obtained by Defendant and prepared by Dr. Philippe Chemaly, Jr. following a review of file materials forwarded to him by the Defendant.

24. Dr. Chemaly's report dated September 23, 2013 stated that he had only reviewed Plaintiff's medical records through January 14, 2013 although Plaintiff's counsel had previously forwarded Defendant Plaintiff's medical records through July 18, 2013.

25. Dr. Chemaly's report dated September 23, 2013 indicated that he had not reviewed the restrictions and limitations set forth in Dr. Aung's correspondence dated May 28, 2013.

26. Plaintiff's counsel forwarded Defendant correspondence dated October 18, 2013 asserting that Dr. Chemaly's opinion was flawed because, aside from having never physically examined the Plaintiff, Dr. Chemaly had been provided incomplete medical records.

27. Plaintiff's counsel's correspondence dated October 18, 2013 also asserted that Dr. Chemaly's report was inconsistent or unclear.

28. Plaintiff's counsel's correspondence dated October 18, 2013 had included medical opinion correspondence of Dr. Maireni Cruz dated October 10, 2013. Plaintiff's medical care had been transferred to Dr. Cruz as a result of Dr. Aung having relocated to a different geographic region. Dr. Cruz's correspondence dated October 10, 2013 stated that he agreed with the prior opinion of Dr. Aung that Plaintiff should not be working in any place where she needs to sit for an extended time or use repetitive hand motions.

29. Plaintiff's counsel's correspondence dated October 18, 2013 also had enclosed signed statements from Plaintiff's Manager and a co-worker at Granite State Independent Living verifying that they observed Plaintiff to be in frequent pain following her return to work after her second back surgery.

30. Defendant issued Plaintiff's counsel correspondence dated November 15, 2013

advising that Defendant was unable to approve disability benefits in response to Plaintiff's second level appeal.

31.     Defendant's denial correspondence dated November 15, 2013 states that the new medical information contained with Plaintiff's counsel's correspondence dated October 18, 2013 had been submitted to Dr. Chemaly.  Dr. Chemaly responded to the new medical information with an addendum report dated November 4, 2013 that concluded "[O]verall, once again, the medical file supports functionality with the restrictions and limitations that I have provided in my original report, dated 9/23/13."

32.     Despite Plaintiff's counsel's correspondence dated October 18, 2013 advising Defendant that it had provided Dr. Chemaly incomplete medical records, the medical file as referenced in Dr. Chemaly's two reports contains a gap in Plaintiff's medical history and the medical records that Plaintiff provided Defendant.

33.     Dr. Chemaly's addendum report dated November 15, 2013 did not address or respond to the claimed inconsistency or lack of clarity that was specifically set forth in Plaintiff's counsel's correspondence dated October 18, 2013.

34.     Defendant relied upon the two reports of Dr. Chemaly in reaching the decision to deny Plaintiff disability benefits.

35.     Defendant interpreted Dr. Chemaly's opinion as not supporting a finding that Plaintiff had restrictions and limitations that would render her unable to perform the main duties of her occupation as an Accounts Receivable and Accounts Payable Clerk.

36.     Defendant's interpretation of Dr. Chemaly's two medical records review reports was contrary to the medical opinions of the Plaintiff's two examining and treating physicians, Dr.

Aung and Dr. Cruz.

37. Defendant's analysis of the disability determination failed to assess the impact Plaintiff's substantial pain levels and chronic headaches would have upon the mental concentration and attention to task required by Plaintiff's job duties.

38. Defendant's denial of benefits correspondence dated November 15, 2013 advised that Plaintiff had exhausted all rights of appeal and Plaintiff's administrative file was now closed.

39. The disability insurance policies for which Plaintiff was eligible and insured do not grant the Defendant discretionary authority to determine eligibility for benefits.

40. Defendant's decision to deny Plaintiff disability benefits was incorrect.

41. Defendant had a structural conflict of interest in assessing Plaintiff's claim for benefits since Defendant was acting as both the decision-maker and the benefits-payor if a favorable decision was made.

42. The administrative claims history pertaining to Plaintiff's application for benefits demonstrates that Defendant was influenced by its structural conflict of interest.

43. Defendant's decision to deny Plaintiff disability benefits was also arbitrary and capricious and unreasonable.

## **REQUEST FOR RELIEF**

WHEREFORE, Marlis Dube respectfully requests this Honorable Court:

A. Enforce Plaintiff's rights under Defendant's group insurance plan.

B. Order Defendant to pay Plaintiff all past due disability benefits.

C. Order Defendant to pay Plaintiff ongoing disability benefits until such time that

       Plaintiff may no longer be considered disabled under the terms of Defendant's insurance policy.

D.     Order Defendant to pay Plaintiff interest on past due disability benefits.

E.     Order Defendant to pay Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132 (g)(1).

F.     Order such other and further relief as is just, equitable and proper.

                                                            Respectfully submitted,
                                                            MARLIS DUBE
                                                            By Her Attorneys,
                                                            NORMANDIN, CHENEY & O'NEIL, PLLC

Dated:    February 7, 2014              By:   /s/ James F. Lafrance
                                                            James F. Lafrance, Esq., NH Bar #1412
                                                            Normandin, Cheney & O'Neil, PLLC
                                                           213 Union Avenue
                                                           PO Box 575
                                                           Laconia, NH 03247-0575
                                                           (603) 524-4380
                                                           (603)527-3579 - fax
                                                           jlafrance@nco-law.com